ACCEPTED
06-14-00104-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/11/2015 10:54:54 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00104-CR

IN THE TEXAS

COURT OF APPEALS

v.

FOR THE

SIXTH APPELLATE DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/11/2015 10:54:54 AM
DEBBIE AUTREY
Clerk

## CHARLES DOUGLAS MCCLAIN, III

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

**Appealed from the 115th District Court of
Upshur County, Texas
Trial Cause No. 16,545**

### APPELLEE'S REPLY

Natalie A. Miller
State Bar No. 24079007
405 N. Titus
Gilmer, TX 75644
Telephone: 903-843-5513
Fax: 903-843-3661

ATTORNEY FOR APPELLEE
STATE OF TEXAS

**ORAL ARGUMENT IS NOT REQUESTED.**

## IDENTITY OF PARTIES AND COUNSEL

Appellee certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

Presiding Judge:      The Honorable Lauren Parish
District Judge
115th Judicial District
Gilmer, Texas 75644

Appellant:        Charles Douglas McClain, III
TDC #01931721
Jordan Unit
1992 Helton Road
Pampa, TX 79065

Appellant's Attorney:     Brandon T. Winn
(at Trial)         411 West Tyler Street
Gilmer, TX 75644

Appellant's Counsel:     Tim Cone
(on Appeal)        Attorney at Law
P.O. Box 413
Gilmer, TX 75644

Attorney for the State (at trial):  A. Camille Henson
Assistant Criminal District Attorney
405 N. Titus Street
Gilmer, TX 75644

Attorney for the State:    Natalie A. Miller
(on Appeal)        Assistant Criminal District Attorney
Upshur County
405 N. Titus Street
Gilmer, TX 75644

# TABLE OF CONTENTS

**Identity of Parties and Counsel** .................................................................................**ii**

**Table of Contents**.......................................................................................................**iii**

**Index of Authorities**....................................................................................................**iv**

**Statement of the Case** ................................................................................................ **1**

**Issues Presented** ........................................................................................................ **1**

**POINT OF ERROR NUMBER ONE:** The Appellant received ineffective assistance of counsel at trial.

**POINT OF ERROR NUMBER TWO:** The trial court erred in admitting into evidence the Appellant's oral statements.

**Statement of Facts** ...................................................................................................... **1**

**Summary of the Arguments** ....................................................................................... **1**

**Argument**

**I.    Appellant Received Effective Counsel at Trial**…………………………………………………………………………………..**2-5**

**II.   Article 38.22 of the Texas Code of Criminal Procedure Does not Apply as Appellant was not in Custody**………………………………..…………...**6-8**

**Conclusion** ................................................................................................................... **8**

**Prayer** ........................................................................................................................... **9**

**Certificate of Service** .................................................................................................. **9**

**Certificate of Compliance**…………………………………………………..………**9**

# INDEX OF AUTHORITIES

United States Supreme Court Authority

*McMann v. Richardson*, 397 U.S. 759, 771 (1970)……………………………..……...2

*Stansbury v. California*, 511 U.S. 318 (1994)……………………………………………….6

*Strickland v. Washington*, 466 U.S. 668 (1984)…………………………………………..2

Texas Cases

*Hart v. State*, 314 S.W.3d 37 (Tex. App.—Texarkana 2010)…………………………..4-5

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)……………………………..2

*Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011)…………………………2, 3, 4, 5

*Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012)…………………………..3-4

*Salinas v. State*, 163 S.W.3d 734 (Tex. Crim. App. 2005)……………...…………………5

*State v. Saenz,* 411 S.W.3d 488 (Tex. Crim. App. 2013)…………………………………6

*State v. Scheffield*, No. 03-12-00669-CR, 2014 Tex. App. LEXIS 13831 (Tex. App.—
Austin Dec. 30, 2014, no pet.) (mem. op., not designated for publication)……………….6

*Wright v. State*, 154 S.W.3d 235, 239 (Tex. App.—Texarkana 2005, pet. ref'd)…….....…7

Texas Statutes

Tex. Code of Crim. Proc.

      Art. 38.22…………………………………………………………………………..6, 8

## STATEMENT OF THE CASE

The State does not object to the Appellant's statement of the case.

## ISSUES PRESENTED

Appellant raises the following points as issues in his brief:

1. The Appellant received ineffective assistance of counsel at trial.

2. The trial court erred by admitting into evidence the Appellant's oral statements.

## STATEMENT OF FACTS

The State is generally satisfied with the Appellant's statement of facts, but makes the following additions. During the interview Appellant gave to Sergeant Walker, he was advised of his rights when giving a statement to law enforcement. 3 R.R. 64. As well, during the State's direct examination of Sergeant Walker, there was no mention of a polygraph test taken by the Appellant. *Id.*

During the punishment phase of the trial, Appellant's counsel elicited testimony from Appellant regarding all types of punishment: probation, shock probation and confinement in prison. 3 R. R. 109-110.

## SUMMARY OF THE ARGUMENTS

### A. Point of Error One

Appellant received effective counsel. Appellant suggests that his counsel was ineffective due to the fact that he asked the trial court for probation when it was not an admissible punishment. However, the record is silent as to why trial counsel made

1

certain decisions at trial.  Without explanation, the actions of Appellant's trial counsel do not rise to the level of warranting a reversal because of ineffectiveness.

## B. Point of Error Two

Appellant was not in custody when he made incriminating statements to law enforcement.  Because Appellant voluntarily spoke with law enforcement and left after the interview, additional safeguards required by Texas law did not apply.  The State properly elicited the admissions made by the Appellant when it called Sergeant Walker to testify.

## ARGUMENT AND AUTHORITIES

## I.  Appellant Received Effective Counsel at Trial

### A. Standard of Review

Appellant first argues that his counsel was ineffective.  However, the Appellant's right to effective counsel does not mean "a right to errorless counsel, but rather to objectively reasonable representation." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  A claim of ineffective assistance of counsel is analyzed under the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986).  Under *Strickland*, Appellant must prove by a preponderance of the evidence that (1) trial counsel's representation was deficient and (2) that the deficient performance was so egregious that it prejudiced his defense. *Strickland*, 466 U.S. at 687.  Nevertheless, an appellate court's review of trial counsel's performance is "highly

deferential" and a strong presumption exists that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. It is not enough that an "appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.3d 137, 142-43 (Tex. Crim. App. 2011). Specifically, "counsel's deficiency must be affirmatively demonstrated in the trial record … when such direct evidence is not available, [the Court] will assume that counsel had a strategy if *any* reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d at 143 (emphasis added). Although rare, a single, egregious error may indicate ineffective assistance of counsel. *Id.* at 142. In the absence of such egregious error by trial counsel, complaints of ineffective assistance of counsel are best addressed in an application for writ of habeas corpus, as "on direct appeal, the record is usually inadequately developed and cannot adequately reflect the failings of trial counsel for an appellate court to fairly evaluate the merits of such a serious allegation." *Id.* at 143. One avenue that an Appellant may use to supplement the record after trial is "through a hearing on a motion for new trial." *Id.*

### B. Trial Counsel's Performance as not Egregious

Where the record fails to explain why counsel acted as they did at trial, the record does not support deficient representation by trial counsel. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App.) For instance "trial counsel should ordinarily be afforded an opportunity to explain his actions before being announced as ineffective." *Id.* Notably,

when "trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Id.* In reaching its decision, the *Menefield* Court surmised that several reasons may explain why counsel failed to object. *Id.* at 593. Nevertheless, as neither counsel for the State or Defense had opportunity to contest the allegation, the lower court's holding that "the record on direct appeal was sufficient to find trial counsel ineffective" was reversible. *Id.* at 592.

The case at bar compares with the case heard by the *Menefield* Court; defense counsel was not afforded the opportunity to explain his actions at trial. The record is void of any motion for new trial or any request for fact finding hearings submitted by appellate counsel. It seems that if trial counsel's representation was so ineffective as to warrant it as ineffective, a motion for new trial should have been filed. Nevertheless, trial counsel has never even had the opportunity to elaborate on his trial decisions. Likewise, there is not an error contained within the record committed by Appellant's counsel that is so egregious that it renders his representation ineffective. *See Lopez*, 343 S.W.3d at 142.

Next, Appellant mistakenly likens the holding of *Hart v. State*, to the case at bar. *See generally* 314 S.W.3d 37 (Tex. App.—Texarkana 2010). While similarities certainly exist between the instant case and *Hart*, a paramount difference sets the two apart— recorded testimony by counsel and the defendant explaining their actions at trial. In *Hart*, the defendant pled guilty based upon advice by his trial counsel that he could receive probation if he did so. *Id.* at 41-42. As well, the defendant suffered from severe

4

learning disabilities that were (1) not properly investigated by his counsel and (2) impacted his ability to knowingly, intelligently, and voluntarily waive his right to plead not guilty. *Id.* at 42. Ultimately, this honorable Court concluded that regardless of the defendant's mental status, he had relied on false information by his counsel. *Id.* at 44-45. And while Appellant surmises that this happened in the instant case, there is no testimony from the Appellant or his trial counsel to explain their actions at trial and why the Appellant waived his right to jury. Rather, without such explanations from trial counsel and the Appellant, it is speculation to assume that Appellant's trial counsel misinformed him of the punishment options.

In large part, Appellant circumstantially suggests that trial counsel was ineffective because Appellant asked the trial court to grant probation for his punishment. As well, the record in this case contains no explanation of why trial counsel made certain decisions, and "because the record is silent on counsel's reasoning…[appellate courts]…cannot adequately reflect upon the motives behind trial counsel's actions. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Appellant simply questions, with the benefit of hindsight, the decisions made by trial counsel. Perhaps asking Appellant about probation, was trial counsel's way of suggesting that the trial court should impose a light sentence. Nevertheless, in light of all of trial counsel's correct actions at trial, suggesting that the Appellant received probation or a short prison sentence does not rise to the level of an error so egregious that his representation was ineffective. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

## II. Article 38.22 of the Texas Code of Criminal Procedure Does not Apply as Appellant was not in Custody

According to Article 38.22, section 3(a) of the Texas Code of Criminal Procedure, certain safeguards must be followed when a defendant chooses to participate in "custodial interrogation." However, those safeguards have no application to the case at bar, because the Appellant was not in custody. To decide whether or not a defendant is in custody, a reviewing court examines the facts surrounding the interview, "but the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *State v. Scheffield*, No. 03-12-00669-CR, 2014 Tex. App. LEXIS 13831, at *3 (Tex. App.—Austin Dec. 30, 2014, no pet.) (mem. op., not designated for publication) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)). As well, a reviewing court examines whether "given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *See Scheffield*, 2014 Tex. App. LEXIS 13831, at *3 (citing *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). Furthermore, the Court of Criminal Appeals has articulated four scenarios that constitute custody: "(1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave." *State v. Saenz*, 411 S.W.3d 488, 496 (Tex. Crim. App. 2013).

6

Likewise, the admissions admitted at trial that the Appellant complains about stem from Appellant's admissions made during a voluntary polygraph test. At trial, the State called Sergeant Derrick Walker as a witness and elicited testimony solely about Appellant' admissions. "Statements made during a polygraph pretest interview, during the polygraph examination itself, or during an interview after the examination, may be admissible evidence, but the proper procedure for introducing such evidence before the jury [or judge in this case] is to redact from such evidence all references to the polygraph examination." *Wright v. State*, 154 S.W.3d 235, 239 (Tex. App.—Texarkana 2005, pet. ref'd). In effort to comply with the *Wright* Court, the State made no mention that the Appellant had taken a polygraph test in an effort to avoid any prejudice.

Prior to trial, counsel for Appellant received all discovery in possession of the State. Contained within that discovery, was an offense report written by Investigator Roxanne Warren. Warren indicated that the Appellant came to the police station for a noncustodial interview on July 25, 2013 at 10:25 a.m. Warren's interview with Appellant was videotaped and provided to Appellant's counsel. During Warren's interview with Appellant, Warren asked Appellant if he would like to take a polygraph test, to which the Appellant agreed. Appellant was free to leave at this time, and Warren scheduled the polygraph test with Sergeant Walker of the Texas Department of Public Service. On July 30, 2013, Appellant voluntarily arrived at the police department, was advised of his rights and still chose to proceed with the polygraph examination. Although Appellant's admissions to Sergeant Walker were incriminating, he was not arrested after the

7

polygraph. Sergeant Walker videotaped and audio taped Appellant's polygraph test. During trial, the State asked Sergeant Walker about admissions Appellant had made to him.

In the instant case, Appellant's second issue lacks merit. Appellant was not in custody when he made incriminating statements to Sergeant Walker. As well, the State properly avoided disclosing the fact that Appellant took and failed a polygraph test, and merely elicited statements against the Appellant's penal interest. Prior to trial, counsel filed a motion to suppress statements made by the Appellant, but never asked the trial court for a hearing nor raised the issue at trial. Article 38.22 of the Texas Code of Criminal Procedure has no application to the admissions made by Appellant, as Appellant was not in custody and never indicated—through testimony during motion a to suppress—that he thought he was *not* free to leave.

## CONCLUSION

Without an explanation of why trial counsel made certain decisions at trial, his representation does not fall to the level of ineffective. Considering his client confessed to the crime, Appellant's decision to waive his right to trial by jury and ask the trial court for a low sentence is not per se ineffective. In fact, there may be several reasons why trial counsel thought this was within his client's best interest. As well, because the Appellant was not in custody at the time he made incriminating admissions to Sergeant Walker, additional safeguards required by Texas law do not apply in the instant case.

8

**PRAYER**

Wherefore, premises considered, the State prays that Appellant's relief be denied and that the case be affirmed in all things.

Respectfully Submitted,
Upshur Co. Assistant District Attorney
Natalie A. Miller
405 N. Titus
Gilmer, TX 75644
Tel: (903) 843-5513
Fax: (903) 843-3661

BY: /s/ *Natalie A. Miller*
Natalie A. Miller
SBOT: 24079007

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document has been delivered to Tim Cone on this the 11th day of February, 2015.

/s/ *Natalie A. Miller*
Natalie A. Miller

**CERTIFICATE OF COMPLAINCE**

Appellee's Reply Brief contains 2,609 words.

/s/ *Natalie A. Miller*
Natalie A. Miller